## PRENTISS HOAR *vs.* JOEL MARSHALL & Trustee.

An executor is chargeable, in a trustee process served upon him within a year after his appointment, for the amount of a legacy in his hands at the time of service, and which he has since paid to the legatee before it was payable by the terms of the will.

ELBRIDGE MARSHALL, summoned as trustee of the principal defendant, in his first answer, filed at September term 1853 of

the court of common pleas, said that, at the time of the service of the writ upon him, he was the executor, duly appointed and qualified, of the last will of Joel Marshall, who died on the 11th of April 1853, and by said will bequeathed a legacy of $1,000 to the defendant, to be paid in one year after the testator's decease; and that he had in his hands no other goods, effects and credits of the defendant. At June term 1854, the trustee, in answer to the plaintiff's interrogatories, admitted that, since the service of this process upon him, but before the legacy became due and payable by the terms of the will, he paid the same in full to the legatee. The court of common pleas charged the trustee, and he appealed.

*E. Buttrick*, for the plaintiff.

*B. F. Butler*, for the trustee. The executor was not liable to be summoned as trustee, within one year from his giving bond, as the legacy would be affected by the insolvency of the estate. Rev. Sts. *c.* 66, §§ 10–15. The legacy, at the time of the service of this process on the trustee, was not due absolutely, but depended on the contingency of there being assets, and was therefore not liable to be attached by the trustee process. *Frothingham* v. *Haley*, 3 Mass. 68. *Davis* v. *Ham*, 3 Mass. 33. *Williams* v. *Marston*, 3 Pick. 65. *Thorndike* v. *De Wolf*, 6 Pick. 122. *Guild* v. *Holbrook*, 11 Pick. 104. *Taber* v. *Nye*, 12 Pick. 105. The legatee had no right of action against the executor, there having been no demand by the legatee, nor assent by the executor to the legacy; and therefore the executor is not chargeable as trustee. 1 Roper on Leg. (1st Amer. ed.) 565. Toller on Executors, (4th ed.) 306. 2 Williams on Executors, (4th ed.) 1176. *Andrews* v. *Hunneman*, 6 Pick. 129. *Miles* v. *Boyden*, 3 Pick. 213. *Maine Fire & Marine Ins. Co.* v. *Weeks*, 7 Mass. 438. *Doe* v. *Guy*, 3 East, 120. The answer of the executor did not acknowledge assets; and the case is to be decided on the state of facts existing at the time of service. *Cady* v. *Comey*, 10 Met. 461. If the executor should be charged as trustee, and pay the legacy to the plaintiff, and the assets should hereafter prove insufficient to pay debts, he would have no remedy against the plaintiff; for the court have no authority to compel the plaintiff to give

bond to refund, if necessary, as the legatee might be required to do, under the Rev. Sts. *c.* 66, § 15.

DEWEY, J. The present case falls within well settled principles, applicable to the trustee process, and requires no extension of them beyond former decisions of this court.

By the Rev. Sts. *c.* 109, § 62, " any debt or legacy due from an executor or administrator, and any other goods, effects and credits, in the hands of an executor or administrator as such, may be attached in his hands by the process of foreign attachment." It was originally objected that the right to a legacy was so far a contingent. debt that this process would not lie for a legacy in the hands of an executor, until after the settlement of the estate, and after it was ascertained that there would be sufficient assets to pay the same. This objection was early raised in the case of *Holbrook* v. *Waters*, 19 Pick. 354, and again in reference to a distributive share of an heir at law, in the case of *Wheeler* v. *Bowen*, 20 Pick. 563, in both which cases it was held that, upon the legal appointment and qualification of an executor or administrator, the interest of a legatee or heir at law, in the estate which was to be administered, might be attached by the trustee process ; and that such attachment being made, the court could, whenever it was necessary, continue the case until the estate was so far settled as to render it certain that the executor or administrator had assets to pay the same. More recently, in the case of *Cady* v. *Comey*, 10 Met. 459, the court have gone further, and held that, although there be no personal property to pay the legacy, yet the action may be sustained, and the case continued, or execution stayed, to give the executor an opportunity to obtain license to sell real estate to raise money to pay the legacy. In the same case it was also held that the plaintiff in such trustee process must, if required, give bond to the exec-- utor to refund, if the sum thus paid should afterwards be required to pay the debts of the testator. These cases answer by direct decisions most of the objections urged against maintaining the present action.

It was further urged that, as no action could, at the time of the service of this process, have been maintained by the legatee,

no right existed in behalf of his creditor. But that doctrine is not applicable to cases like the present. If it were so, the process might always be defeated by the legatee's omitting to make a demand on the executor for his legacy, or to give a bond under Rev. Sts. *c.* 66, § 15, and the creditor be thus deprived of the opportunity to secure his demand.

In the present case, the executor has, in disregard of the attachment of the legacy in his hands, paid the sum to the legatee, and thus virtually acknowledged that there were assets in his hands. The case is therefore a very clear one to charge the trustee, without any further continuance.

*Trustee charged.*